# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# HELENA DIVISION

| | |
|---|---|
| ROBIN MICHELE BOULE,<br><br>Plaintiff,<br><br>vs.<br><br>KILOLO KIJAKAZI, Acting Commissioner of the Social Security Administration,<br><br>Defendant. | CV 19-51-H-JTJ<br><br>**MEMORANDUM AND ORDER** |

## INTRODUCTION

Plaintiff Robin Michele Boule (Boule) brought this action to obtain judicial review of the final decision of the Commissioner of the Social Security Administration (Commissioner), denying her application for disability benefits and disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-433.

## JURISDICTION

The Court has jurisdiction over this action under 42 U.S.C. § 405(g). Venue is proper given that Boule resides in Lewis & Clark County, Montana. 29 U.S.C. § 1391(e)(1); L.R. 1.2(c)(3). The parties have consented to have the undersigned

conduct all proceedings in this matter and enter judgment. (Doc. 8).

## BACKGROUND

Boule is 58 years old. (Doc. 5 at 61). Boule has a high school education. (Doc. 5 at 63). Boule has past work experience as an administrative assistant, oxygen service technician, and accounting tech/clerk. (Doc. 5 at 81, 302). Boule is able to use a computer. (Doc. 5 at 63). The last time that Boule worked was on November 17, 2015. (Doc. 5 at 63-64, 213).

Boule filed her application for Social Security disability and disability insurance benefits on November 17, 2015. (Doc. 5 at 199-200). Boule alleged that she became disabled on that date. (Doc. 5 at 13). Boule alleged that she became disabled due to diffuse amplified musculoskeletal pain syndrome, varicose leg veins, numbness, swelling, migraine headaches and arthritis. (Doc. 5 at 213).

An administrative law judge (ALJ) conducted a hearing on Boule's application for disability and disability insurance benefits on April 3, 2018. (Doc. 5 at 55-91). The ALJ issued his decision on August 1, 2018. (Doc. 5 at 13-24). The ALJ determined that Boule was not disabled at any time between November 17, 2015 and August 1, 2018, the date of his decision. (Doc. 5 at 24). The ALJ determined that Boule did not qualify for disability and disability insurance benefits because Boule possessed the residual functional capacity to

perform her past relevant work as an administrative assistant. (Doc. 5 at 22-24).

Boule requested that the Administration Appeals Council (Appeals Council) review the ALJ's decision. (Doc. 5 at 1). The Appeals Council denied Boule's request for review. *Id.* The Appeals Council's denial made the ALJ's decision the final decision of the Commissioner. *Id.*

Boule filed the present appeal on August 8, 2019. (Doc. 1). The matter has been fully briefed. (Docs. 11, 12 and 13). The Court is prepared to rule.

## STANDARD OF REVIEW

The Court's review in this matter is limited. The Court may set aside the Commissioner's decision only where the decision is not supported by substantial evidence or where the decision is based on legal error. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence has also been described as "more than a mere scintilla" but "less than a preponderance." *Desrosiers v. Sec. of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988).

## **BURDEN OF PROOF**

A claimant is disabled for purposes of the Social Security Act if the claimant demonstrates by a preponderance of the evidence that (1) the claimant has a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months;" and (2) the impairment or impairments are of such severity that, considering the claimant's age, education, and work experience, the claimant is not only unable to perform previous work but also cannot "engage in any other kind of substantial gainful work which exists in the national economy." *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 974 (9th Cir. 2000) (citing 42 U.S.C. §1382(a)(3)(A),(B)).

The Social Security Administration regulations provide a five-step sequential evaluation process for determining whether a claimant is disabled. *Bustamante v. Massanari*, 262 F.3d 949, 953-954 (9th Cir. 2001); 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof under steps one through four. *Bustamante*, 262 F.3d at 954. The Commissioner bears the burden of proof under step five. *Id.* The five steps of the inquiry are:

    1.    Is the claimant presently working in a substantially gainful activity? If so, the claimant is not disabled within the meaning of the Social Security Act. If not, proceed to step two. *See* 20 C.F.R. §§ 404.1520(b), 416.920(b).

4

2. Does the claimant have an impairment that is severe or a combination of impairments that is severe? If so, proceed to step three. If not, the claimant is not disabled. *See* 20 C.F.R. §§ 404.1520(c), 416.920(c).

3. Do any of the claimant's impairments "meet or equal" one of the impairments described in the listing of impairments in 20 C.F.R. Part 220, Appendix 1? If so, the claimant is disabled. If not, proceed to step four. *See* 20 C.F.R. §§ 404.1520(d), 416.920(d).

4. Is the claimant able to do any work that he or she has done in the past? If so, the claimant is not disabled. If not, proceed to step five. *See* 20 C.F.R. §§ 404.1520(e), 416.920(e).

5. Is the claimant able to do any other work? If so, the claimant is not disabled. If not, the claimant is disabled. *See* 20 C.F.R. §§ 404.1520(f), 416.920(f).

*Bustamante*, 262 F.3d at 954.

## BACKGROUND

### A. ALJ's determination

At step one, the ALJ determined that Boule had not engaged in substantial gainful activity since her alleged onset date of November 17, 2015. (Doc. 5 at 15).

At step two, the ALJ found that Boule had the following severe impairments: fibromyalgia, migraine headaches, cervical degenerative disc disease, ostheoarthritis of the knees, and bilateral lower extremity venous insufficiency. (Doc. 5 at 15). The ALJ found that the other impairments alleged by Boule — cognitive disorder, irritable bowel syndrome, carpal tunnel syndrome,

5

and post-traumatic disorder — did not qualify as medically determinable impairments. (Doc. 5 at 15-16).

At step three, the ALJ found that Boule did not have an impairment, or combination of impairments, that met or was medically equal to one of the listed impairments. (Doc. 5 at 16-17).

Before considering step four, the ALJ determined Boule's residual functional capacity. The ALJ determined that Boule possessed the residual functional capacity to perform sedentary work subject to the following limitations: 1) Boule can be on her feet 2 hours total in an 8-hour day; 2) Boule can sit for 6 hours in an 8-hour day; 3) Boule can lift, carry, push and pull 10 pounds occasionally and less than 10 pounds frequently; 4) Boule must avoid concentrated exposure to extreme cold and vibrations; 5) Boule can never climb ladders or scaffolds; 6) Boule can never crawl; 7) Boule can occasionally balance, kneel, stoop and crouch; 8) Boule cannot do work involving constant use of the bilateral upper extremities, but Boule is able to use her bilateral extremities on a frequent basis; 9) Boule is able to use a short stool (12 to 18 inches high) under her work station to elevate her legs. (Doc. 5 at 18).

At step four, the ALJ determined that Boule possessed the residual functional capacity to perform her past relevant work as an administrative

assistant. (Doc. 5 at 22). Based on this finding, the ALJ determined that Boule was not disabled. (Doc. 5 at 24).

### B. Boule's Position

Boule argues that the Court should reverse the Commissioner's decision and either remand the case for an award of benefits or remand this case for further proceedings. (Doc. 11 at 21). Boule argues that the Commissioner's decision should be reversed for the following reasons:

1. The ALJ failed to provide sufficient reasons for discounting her testimony regarding the severity of her symptoms;

2. The ALJ failed to consider the combined effects of all of her impairments when assessing her residual functional capacity;

3. The ALJ failed to address her inability to perform sustained work activities on a regular and continuing basis, when assessing her residual functional capacity; and

4. The ALJ erred at step 2 when he found that her irritable bowel syndrome and carpal tunnel syndrome did qualify as severe impairments.

(Doc. 12 at 2-14).

### C. Commissioner's Position

The Commissioner argues that the Court should affirm the ALJ's decision because his decision was based on substantial evidence and was free of legal error.

7

## **DISCUSSION**

### A. **Boule's Testimony Regarding the Severity of her Symptoms**

As discussed above, the ALJ found that Boule had the following severe impairments: fibromyalgia, migraine headaches, cervical degenerative disc disease, ostheoarthritis of the knees, and bilateral lower extremity venous insufficiency. (Doc. 5 at 15). Boule testified during the hearing that she has been unable to work since November 17, 2015, due to the combined symptoms of neck pain, widespread muscle pain, knee pain, lower extremity pain, lower extremity weakness, upper extremity pain, upper extremity weakness, joint swelling and migraine headaches which limited her ability to sit, stand, lift, carry, push, pull, climb, balance, crouch, crawl, kneel, stoop, concentrate and use her bilateral upper extremities. (Doc. 5 at 57-83).

The ALJ found that Boule's medically determinable impairments could reasonably be expected to cause her alleged symptoms. (Doc. 5 at 18). However, the ALJ discounted Boule's testimony regarding the intensity, persistence and limiting effects of her symptoms. *Id.* Boule argues that the ALJ erred when the ALJ discounted her testimony regarding the intensity, persistence and limiting effects of her symptoms. (Doc. 11 at 11-18).

An ALJ engages in a two-step analysis to determine whether a claimant's

8

testimony regarding subjective pain or symptoms is credible. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment or impairments that could reasonably be expected to produce the pain or other symptoms alleged. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). The claimant is not required to show that her impairment could reasonably be expected to cause the severity of the symptoms she has alleged. *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996). Rather, the claimant need only show that her impairment could reasonably have caused some degree of the symptoms. *Id.*

If the claimant satisfies the first step of this analysis, and there is no evidence of malingering, the ALJ may reject the claimant's testimony about the severity of her symptoms only if the ALJ offers "specific, clear and convincing reasons for doing so." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). The ALJ must identify the specific portion of the claimant's testimony that is not credible and describe the evidence that undermines the claimant's testimony. *Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015). The ALJ's findings must be sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony. *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). General findings by the ALJ are not sufficient.

9

*Treichler v. Commissioner of Social Sec. Admin.*, 775 F.3d 1090, 1102 (9th Cir. 2014).

Here, the ALJ failed to identify the specific portion of Boule's testimony that he found not credible. Instead, the ALJ made a general finding that Boule's testimony regarding the intensity, persistence and limiting effects of her symptoms. The ALJ stated that he discounted Boule's testimony because it was "not entirely consistent with the medical evidence and other evidence in the record." (Doc. 5 at 18). The ALJ then summarized Boule's medical records and listed a number of Boule's daily activities that he concluded were "not consistent with disabling physical impairments." (Doc. 5 at 19-20).

The ALJ's summary of the medical evidence (Doc. 5 at 19-20) does not suffice as clear and convincing reasons for rejecting Boule's testimony. A summary of the medical evidence "is not the same as providing clear and convincing reasons for finding the claimant's symptom testimony not credible." *Brown-Hunter*, 806 F.3d at 494. The ALJ failed to identify the specific portion of Boule's testimony that he found not credible and the ALJ failed to link that testimony to the particular medical evidence that contradicted it. *Id.* at 493-494.

The ALJ's list of daily activities (Doc. 5 at 20) likewise does not suffice as clear and convincing reasons for rejecting Boule's testimony. In order to discount

10

a claimant's testimony based on daily activities, the ALJ must make specific findings related to the daily activities and their transferability to the workplace. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007).

Here, the ALJ failed to discuss the extent to which Boule's daily activities were transferable to the workplace. The ALJ did not establish that Boule participates in activities at a sufficient rate to conclude that she can complete an 8-hour workday. The record shows that Boule's daily activities are not transferable to the workplace. For example, Boule forgets to pay bills. (Doc. 5 at 68). Boule's thoughts are "disjointed" making it difficult for her to complete tasks. (Doc. 5 at 68-69). Although Boule shops for medical prescriptions and personal care products, Boule's husband must do the weekly grocery shopping because it is too strenuous for her. (Doc. at 77). Boule's husband prepares the meals when Boule is down with a migraine headaches. (Doc. 5 at 78). Boule's personal care and household tasks are broken up with frequent rest breaks. (Doc. 5 at 67). Boule must alternate between moving and resting frequently throughout the day. (Doc. 5 at 71, 73-75). Boule's daily activities are often sidelined with bouts of diarrhea and dizziness. (Doc. 5 at 70, 72). Boule's limited daily activities performed with frequent breaks are not transferable to a work setting.

The ALJ's failure to provide specific, clear and convincing reasons for rejecting Boule's testimony regarding the severity of her symptoms was legal error.

## B. Combined Effects of Boule's Impairments

Boule argues that the ALJ erred by failing to consider the combined effects of all of her impairments when assessing her residual functional capacity.

When a claimant suffers from multiple impairments, the ALJ must consider the combined effect of all of the claimant's impairments when assessing the claimant's residual functional capacity. *Macri v. Chater*, 93 F.3d 540, 545 (9th Cir. 1996). The ALJ must also adequately explain his evaluation of the combined effects of the impairments. *Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990).

Here, Boule possesses multiple severe impairments. Boule's severe impairments include: fibromyalgia, migraine headaches, cervical degenerative disc disease, ostheoarthitis of the knees, and bilateral lower extremity venous insufficiency. (Doc. 5 at 15). These severe impairments cause significant symptoms and limitations. The medical evidence shows that Boule suffers from neck and upper extremity symptoms; persistent fatigue; sleep disturbances; bilateral lower extremity swelling and edema; pain in her neck, shoulders, ankles, lower back, knees and hips; tingling and numbness throughout her body; and

12

debilitating migraine headaches.

Boule's severe impairments significantly reduce her residual functional capacity. Boule contends with pain, weakness and fatigue daily. (Doc. 5 at 65-67, 73). Boule gets extremely exhausted from any sort of physical activity. (Doc. 5 at 73-76). Boule must rest frequently during the day. *Id.* Boule can perform minimal tasks for 15 to 30 minutes, and then she must rest. (Doc. 5 at 67, 73-76).

The ALJ failed to consider and evaluate the combined effects of Boule's impairments when he assessed her residual functional capacity. Instead, the ALJ addressed the claimant's impairments individually. (Doc. 5 at 18-20). When the combined effects of Boule's impairments are properly considered, it is clear that Boule is unable to perform substantial gainful activity. The vocational expert testified that if an individual would need breaks that would exceed the two 15-minute breaks normally allowed during a work shift, and exceed the 30 to 60 minute break normally allowed at mid-shift, those limitations "would not allow for any full-time sustained work in any occupation." (Doc. 5 at 87).

The ALJ's failure to properly consider the combined effects of Boule's impairments was legal error.

13

### C. Ability to Perform Sustained Work Activities on a Regular and Continuing Basis

Social Security Ruling 96-8P provides that an ALJ's residual functional capacity assessment must include a discussion of the claimant's "ability to do sustained work related physical and mental activities in a work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule). SSR 96-8P. Boule argues that the ALJ's residual functional capacity determination was defective because the ALJ failed to discuss whether she possessed the ability to perform sustained work activities on a regular and continuing basis. The Court agrees. The ALJ's decision is void of any discussion regarding Boule's ability to sustain work activities on a regular and continuing basis as required under SSR 96-8P.

As discussed above, Boule's impairments, symptoms and limitations prevent her from performing sustained work activities on regular and continuing basis. Boule contends with pain, weakness and fatigue on a daily basis. (Doc. 5 at 257). Boule gets extremely exhausted from any sort of physical activity. (Doc. 5 at 73-76, 480). Boule must rest frequently during the day. (Doc. 5 at 73-76, 257). Boule testified that she suffers frequent and intense migraine headaches that cause cognitive issues such as problems with comprehension, retaining information, and

14

staying on task. (Doc. 5 at 68-69, 237, 242, and 244). Boule estimates that she is afflicted with migraine headaches approximately 15 days each month. (Doc. 5 at 68, 237). The vocational expert testified that need for excessive breaks or time off would preclude full time sustained work. (Doc. 5 at 87-88). The vocational expert also testified that if Boule were to be off task 20 percent of the workday, that limitation would not allow for any full-time sustained work. (Doc. 5 at 88).

The ALJ's failure to discuss Boule's inability to perform sustained work activities on a regular and continuing basis constituted legal error.

## **REMEDY**

"Remand for further administrative proceedings is appropriate if enhancement of the record would be useful." *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004). Remand for an award of benefits is appropriate where (1) there are no outstanding issues that must be resolved before a determination of disability can be made; and (2) it is clear from the record that the ALJ would be required to find the claimant disabled if the ALJ had properly considered all of the evidence in the record. *Id.*

Remand for an immediate award of benefits proves appropriate here. The record is fully developed. Further proceedings would serve no useful purpose. No outstanding issues exist that must be resolved before a determination of disability

can be made. The record shows that Boule does not possess the residual functional capacity to perform substantial gainful activity. If the ALJ would have properly considered Boule's testimony regarding the severity of her symptoms, properly considered the combined effects of all of Boule's impairments, and properly considered Boule's inability to perform sustained work activities on a regular and continuing basis, he would have concluded that Boule was disabled. The Court finds it unnecessary to address Boule's fourth argument regarding her irritable bowel syndrome and carpal tunnel syndrome.

Accordingly, IT IS HEREBY ORDERED:

1. Plaintiff's Motion for Summary Judgment (Doc. 10) is GRANTED.

2. The Commissioner's decision to deny Boule's claim for disability and disability insurance benefits is REVERSED and REMANDED for an immediate award of benefits beginning November 17, 2015.

3. The Clerk is directed to enter judgment accordingly.

DATED this 27th day of August, 2021.

John Johnston
United States Magistrate Judge